IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

|  |  |  |
|---|---|---|
| RASHARN YOUNG,<br>　　　Plaintiff<br><br>　　　v.<br><br>REAL PROPERTY MANAGEMENT<br>And MARK RUSSO | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 1:21-cv-183-MSM-LDA |

MEMORANDUM AND ORDER

Mary S. McElroy, United States District Judge.

This complaint was filed by Rasharn Young ("Young") a former tenant of defendant Mark Russo's in an apartment building managed by defendant Real Property Management. Mr. Young has had an ongoing battle with his landlord over what he contends is second-hand smoke creeping into his apartment in this non-smoking building. Mr. Young withheld rent on multiple occasions as a result. Most recently, however, he was evicted, the eviction was upheld by the Rhode Island Supreme Court (ECF No. 12-4), and he no longer resides on the property. (ECF No. 4.)

Mr. Young has brought this action challenging the lawfulness of his eviction and claiming jurisdiction under R.I. Gen Laws §8-8-3(a)(2) (1956), which vests

exclusive jurisdiction over landlord-tenant matters in "[t]he district court."[1]  Mr. Young, who is proceeding *pro se*, misreads the statute.  The "district court" referred to in the statute is the *state* district court, where his previous action was initially heard.  He has filed the instant action in the *federal* district court whose jurisdiction is generally limited to matters involving federal questions[2] or actions involving parties living in different states with a controversy valued at more than $75,000.  28 U.S.C. §§ 1331, 1332.  This Court cannot assist Mr. Young, nor hear his action, in the absence of *federal* jurisdiction.  The motions to dismiss filed by both defendants are GRANTED (ECF Nos. 10, 12).  For the same reason, the Court is powerless to act on Mr. Young's request for interim, emergency relief and that request is DENIED.  (ECF No. 4.)

IT IS SO ORDERED:

*/s/ Mary S. McElroy*
Mary S. McElroy,
United States District Judge
July 21, 2020

---

[1] In his response to the defendants' Motion to Dismiss, Mr. Young responds that this matter was *initially* heard in the state district court (ECF No. 13), apparently believing that so long as the matter started there, he may take it thereafter to federal court.  That belief is mistaken.

[2] A federal question is one arising out of the "Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.